UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RITA CALCATERRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV1706 CDP |
| | ) |
| BANK OF AMERICA CORPORATION, | ) |
| N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case arises out of an allegedly fraudulent arrangement to refinance a home mortgage. Plaintiff Rita Calcaterra alleges that she was the victim of a collusive arrangement between defendant Bank of America and a mortgage broker, defendant Jeffrey Wolfson. She alleges that Wolfson and his companies, defendants Glorey Partners, LLC and Homefund Corporation, fraudulently obtained over thirty thousand dollars of the loan proceeds, and that defendant Bank of America assisted in the fraud by falsely preparing a residential loan application and by knowingly obtaining an inflated appraisal.

Plaintiff brings claims under the Missouri Merchandising Practices Act, for common law fraud, for negligent misrepresentation, for violations of the Real Estate Settlement Procedures Act, and for intentional infliction of emotional

distress. Defendant Bank of America has moved to dismiss the fraud count only, arguing that the complaint fails to allege fraud with particularity and fails to allege the essential elements of fraud. I agree that Calcaterra has failed to state her claim of fraud against Bank of America with the necessary particularity, and so I will grant the motion to dismiss. The dismissal, however, will be without prejudice to her opportunity to seek leave to amend her complaint if she believes she can cure the pleading defect.

Additionally, there is no evidence in the file that defendants Glorey Partners, LLC or Homefund Corporation have been served with process in this case, and, unlike the other two defendants, they have not answered or entered an appearance. The 120 day deadline for service of process provided by Rule 4(m), Fed. R. Civ. P. has expired. I will therefore order plaintiff to show cause why the case should not be dismissed without prejudice as to these defendants. I will also set the case for a Rule 16 scheduling conference by separate order.

## Allegations of the Complaint

The following facts are those alleged in Calcaterra's petition. Plaintiff owned certain real property in the City of St. Louis. Jeffrey Wolfson was the sole shareholder of Homefund, and Glorey Partners was a limited liability company wholly owned by Wolfson. Calcaterra alleges that Wolfson has been convicted of

fraudulent activity in the past, and that his criminal history was widely known to anyone living in Lebanon, Missouri, including Karen Rust, a Vice President at Bank of America's Lebanon, Missouri, branch.

Wolfson made a cold call to Calcaterra, telling her that he was a mortgage broker who could arrange the refinancing of her home through Bank of America. At that time Calcaterra had two liens on the property: she owed $147,250 to Wells Fargo Home Mortgage and $20,000 to HSBC. Calcaterra alleges that Karen Rust initially completed a telephone loan application that correctly showed the liens owed. Shortly after that, however, Rust filled out a second loan application, but this one falsely omitted the $20,000 lien owed to HSBC and falsely stated that Calcaterra owed $34,000 to Glorey Partners, in addition to the Wells Fargo lien.

Rust directed Bank of America's appraisal company, Bank of America Valuation Services, to prepare an appraisal of the home. The appraisal falsely stated that the home was worth $190,000. Calcaterra alleges that any reasonable person would know the home was worth only $60,000 to $70,000. Bank of America then made the loan in the amount of $190,000. Glorey Partners was paid $33,363.50 from the proceeds, which, Calcaterra alleges, "represents a kickback and an unsecured fee that was improperly paid by Bank of America to Wolfson and Glorey Partners LLC. This fraudulent payment to Glorey Partners could not

have been made without the complicit participation of Bank of America." The HSBC indebtedness was not paid, although a condition of the refinancing was that all liens be repaid from the proceeds.

Calcaterra ultimately fell behind on her loan payments, and she was then notified that her property would be sold at a foreclosure sale. The complaint does not allege whether the foreclosure actually took place, but she seeks damages including, among other things, "a loss of equity in her residence."

### **Discussion**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

Although the federal pleading standards apply here, Missouri law governs the substance of plaintiff's fraud claim. Under Missouri law, the elements of a

claim of fraud are: (1) a false, material representation; (2) the speaker's knowledge of the falsity or his ignorance of the truth; (3) the speaker's intent that the hearer act upon the representation in a manner reasonably contemplated; (4) the hearer's ignorance of the representation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Kempton v. Dugan*, 224 S.W.3d 83, 87 (Mo. App. 2007) (citation omitted).

Rule 9(b), Fed. R. Civ. P. requires that an allegation of fraud "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). "Under Rule 9(b), a plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). "The level of particularity required depends on, inter alia, the nature of the case and the relationship between the parties." *Id*. (citing *Payne v. United States*, 247 F.2d 481, 486 (8th Cir. 1957)).

I agree that the complaint fails to allege fraud with particularity with regard to Bank of America. The complaint fails to allege that anyone at Bank of America

made any knowing misrepresentations to Calcaterra. Reading the complaint in the light most favorable to Calcaterra, there are two false statements: (1) that Glorey Partners had a lien on the property; and (2) that the appraisal overstated the value of the home.[1] Presumably Calcaterra knew what she owed and she should have known that she did not owe Glorey Partners any money. Presumably she either signed a loan application containing this misrepresentation or was given copies of and acknowledged the truth of the application before the closing. Although she alleges that she is cognitively disabled, she does not allege that she was not competent to enter into a contract, and indeed, the complaint indicates that she had previously entered into two mortgages on the property. Even assuming the allegations about her disability are true, however, she has failed to allege that she refinanced her home based on the misrepresentation that she owed money to Glorey Partners or because the appraisal overstated the value of the home.[2] Although she makes a conclusory allegation that she "justifiably relied" upon the misrepresentations, she has not alleged any facts to support that conclusory

---

[1] The complaint alleges that this appraisal was prepared by a company known as "Bank of America Valuation," but it is not clear whether this is really a separate company; in any event, it is not named as a defendant.

[2] Although the complaint alleges that a reasonable person would have known the home was worth no more than $70,000, it also alleges that she had previously mortgaged the property for more than $167,000.

allegation, and it is hard to see how her reliance on these allegedly false statements could have been reasonable.

The complaint similarly makes conclusory allegations about fraud and kickbacks, but there are no facts that support the implied allegations that Bank of America knew of the falsehoods. Certainly the allegations indicate that Wolfson was engaged in a fraud, and the allegations are sufficient to support the remaining claims against Bank of America. But fraud must be plead with more particularity than is plead here, and the allegations against Bank of America are insufficient to meet the heightened pleading requirements of Rule 9(b), Fed. R. Civ. P. I must therefore grant the motion to dismiss the fraud count as to Bank of America.

Because the other claims against Bank of America remain, however, I will give plaintiff an opportunity to attempt to cure the defects in her pleading, and so the dismissal will be without prejudice to Calcaterra's right to seek to amend her pleading. Any motion to amend must be accompanied by a proposed amended complaint and by a memorandum of law explaining how the proposed amendment cures the defects.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bank of America Corporation's motion to dismiss Count II of plaintiff Rita Calcaterra's petition

[#12] is granted and Count II is dismissed without prejudice as to Bank of America only.

**IT IS FURTHER ORDERED**, pursuant to Fed.R.Civ.P. 4(m), that plaintiffs shall show cause in writing, within fourteen (14) days of the date of this order, why this action should not be dismissed without prejudice as to defendants Glorey Partners, LLC and Homefund Corporation for lack of timely service.

This case will be set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2011.